UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-19-B-W |
| | ) | |
| RUSSELL E. BOOKER | ) | |

**ORDER ON MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

Russell Booker filed a motion to dismiss Count Two of the Indictment because "it charges the same offense as Count One of the indictment, thereby violating the Fifth Amendment of the United States Constitution." *Mot. to Dismiss Count 2 of the Indictment as Charging the Same Offense as in Count One with Incorporated Mem.* (Docket # 12) (*Def.'s Mot.*). The Government filed its response opposing the motion. *Resp. of the United States to Def.'s Mot. to Dismiss Count Two of the Indictment* (Docket # 24) (*Gov.'s Resp.*). The Court denies the Defendant's motion, concluding that the Indictment is not multiplicitous.

Mr. Booker stands charged of two counts of violating 18 U.S.C. § 922(g)(9), possession of a firearm by a prohibited person. *Indictment* (Docket #1). The two counts reference different firearms: Count One concerns a single Remington 7 mm caliber rifle; Count Two concerns three firearms – a Browning .270 caliber rifle, a Browning 12 gauge shotgun, and a Remington 12 gauge shotgun. *Id.* at 1-2. Count One of the Indictment applies to the dates "[o]n or about November 28, 2006 and December 13, 2006" and Count Two applies to "[o]n or about December 13, 2006." *Id.* at 1.

Relying on the Fifth Amendment, Mr. Booker asserts that "these allegations constitute but a single alleged offense and therefore should not be separated into separate claims." *Def.'s*

*Mot.* at 2.  Mr. Booker is correct that under Supreme Court precedent, to determine the "'unit of prosecution,' a court must look at the intent of Congress and 'if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . .'" *Def.'s Mot.* at 2 (quoting *Bell v. United States*, 349 U.S. 81, 84 (1955)).  It is also true that the First Circuit has held that "simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime." *United States v. Verrecchia*, 196 F.3d 294, 298 (1st Cir. 1999).  Mr. Booker concludes that "[b]ecause the Indictment indicates that the firearms charged were all possessed during the same time period, and because there is no allegation that they were possessed in separate places or otherwise in a manner which would constitute separate possessions within the meaning of *Verreccchia*, *supra*, Mr. Booker requests the Court direct the dismissal of one of the Counts of the Indictment." *Def.'s Mot.* at 3.

In *Verrecchia*, the First Circuit held "that the simultaneous possession by a felon of multiple firearms, that is, possession of multiple firearms *in one place at one time*, is only one violation of § 922(g)(1)." *Verrecchia*, 196 F.3d at 298 (emphasis added).  While Count Two includes several firearms on a particular date, Count One refers only to one firearm, and includes two dates, one of which is the same as the date in Count Two, and the other is approximately two years later. *Gov.'s Mot.* at 2.  The Government responds to Mr. Booker's motion, stating that it will present specific evidence regarding the alleged November 28, 2008 possession, evidence not relevant to the other firearms. *Id.*  The Government further asserts that the alleged December 13, 2006 violations were not "simultaneous" under *Verrecchia*. *Id.* at 2 n.4.

As the Second Circuit has found, "although a convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a

2

single violation of § 922(g), multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites." *United States v. Olmeda*, 461 F.3d 271, 280 (2nd Cir. 2006) (collecting cases and finding that separate counts are appropriate where defendant possessed multiple rounds of ammunition at two different locations). Therefore, the Government's allegations are properly charged in two separate Counts.

The Court <u>DENIES</u> the Defendant's Motion to Dismiss Count 2 of the Indictment as Charging the Same Offense as in Count One with Incorporated Memorandum (Docket # 12).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2008