UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-19-B-W |
| | ) | |
| RUSSELL E. BOOKER | ) | |

**ORDER ON ENTRAPMENT BY ESTOPPEL DEFENSE**

Charged with possession of firearms by a person previously convicted of the misdemeanor crime of domestic assault, an alleged violation of 18 U.S.C. § 922(a)(9), Russell E. Booker seeks to assert a defense of entrapment by estoppel. Consistent with its recent decision in *United States v. Lemieux* and based on the proferred evidence, the Court concludes that the evidentiary predicate for the assertion of this defense has not been demonstrated.[1] The Court denies the Defendant's motion to dismiss the indictment and grants the Government's motion *in limine* to exclude the defense of entrapment by estoppel.

**I.    STATEMENT OF FACTS**

On March 4, 1998, Mr. Booker pleaded guilty to assault, a violation of 17-A M.R.S.A. § 207, in Skowhegan District Court. He was convicted for assaulting his wife, Cheryl Booker. On October 7, 2001, Mr. Booker completed a Bureau of Alcohol, Tobacco and Firearms Transaction Record (ATF Form 4473) prior to purchasing a firearm. He did not disclose his earlier conviction on the Form, answering "no" to the question of whether he had "been convicted in any court of a misdemeanor crime of domestic violence? This means any misdemeanor conviction involving the use or attempted use of physical force committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the

---

[1] *See United States v. Lemieux*, _ F. Supp. 2d _, No. 07-151-B-W, 2008 WL 1923003 (D. Me. May 1, 2008),

victim." *Firearms Transaction R.* (Docket # 13-3). The National Instant Background Check System (NICS) authorized Mr. Booker's purchase. *Decl. of Travis E. Rogers* at ¶ 3. (Docket # 13-4). Mr. Booker failed to reveal his 1998 conviction for domestic assault, and he was able to purchase a firearm. Now, charged with two counts of possession of firearms by a prohibited person, Mr. Booker asserts that because the Government failed to block the gun sale on October 7, 2001, he was justified in relying on the earlier sale when he possessed the guns in this case.

On February 7, 2008, Mr. Booker moved to dismiss the indictment, asserting in part that dismissal should occur because "the instant charges cannot be sustained under the doctrine of entrapment by estoppel." *Mot. to Dismiss Indictment as Disc. Indicates a Failure of Proof as to an Essential Element of the Crimes Charged* (Docket # 11). The same day, the Government moved *in limine* to exclude Mr. Booker's entrapment by estoppel defense. *Mot.* in Limine *of the United States to Exclude Entrapment by Estoppel Def.* (Docket # 13). Mr. Booker responded on February 28, 2008. *Def.'s Resp. to Mot.* in Limine *of the United States to Exclude Entrapment By Estoppel Def.* (Docket # 22) (*Def.'s Resp.*).

**II.    DISCUSSION**

    **A.    Standard of Review**

        **1.    Motion to Dismiss the Indictment**

"A court should exercise its authority to dismiss cautiously, since to dismiss an indictment 'directly encroaches upon the fundamental role of the grand jury.'" *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007) (quoting *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1359 (1st Cir. 1995)); *see also United States v. Knox*, 396 U.S. 77, 83 n.7 (1969); *United States v. Nai Fook Li*, 206 F.3d 56, 62 (1st Cir. 2000); *United States v. Russell*, 919 F.2d 795, 797-98 (1st Cir. 1990); *United States v. Alfonso*, 143 F.2d 772, 776-77 (2nd Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to

satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."); *United States v. Parker*, 165 F. Supp. 2d 431, 458 (W.D.N.Y. 2001).

####    2.    Motion *in Limine*

The Government's motion *in limine* invokes a different standard of review.  A district court may exclude a defense as a matter of law, based upon proffered evidence.  *See United States v. Pardue*, 385 F.3d 101, 108-09 (1st Cir. 2004); *United States v. Ellis*, 168 F.3d 558, 561 (1st Cir. 1999).  While "[i]n a criminal case it is reversible error for a trial Judge to refuse to present adequately a defendant's theory of defense," it is also true that the trial judge has a "duty to require a *prima facie* showing by the defendant that he can produce evidence on each of the elements of the defense."  *United States v. Johnson*, 416 F.3d 464, 467-68 (6th Cir. 2005).  Thus, "[w]here the evidence to be presented would be insufficient as a matter of law . . . no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter."  *United States v. Villegas*, 899 F.2d 1324, 1343 (2nd Cir. 1990).

### B.    **Entrapment by Estoppel**

For the reasons set for in *Lemieux*, the Court grants the Government's motion *in limine*. The proffered evidence fails to establish the truthfulness and completeness of the information Mr. Booker presented to the firearms dealer and the NICS; the evidence further fails to demonstrate that a government official made an affirmative representation to Mr. Booker that the act was legal, that he reasonably relied on any such representation, and that prosecution would be unfair.  *See Lemieux*, 2008 WL 19303, at *2-6.

There is one difference between Mr. Lemieux's and Mr. Booker's cases.  Mr. Lemieux was convicted of two counts of providing false information to a federal firearms licensee, a

violation of 18 U.S.C. § 922(a)(6), while Mr. Booker is charged with possession of a firearm after being convicted of a misdemeanor crime of domestic abuse under 18 U.S.C. § 922(g)(9).[2] This distinction does not change the outcome. There is still a nexus between the Defendant's representations on ATF Form 4473, the crimes charged, and the entrapment by estoppel defense. The proffered evidence establishes that Mr. Booker came into possession of the firearm by completing an ATF Form 4473 in which he denied having been convicted of a misdemeanor crime of domestic abuse. His defense is that once the NICS system cleared his purchase of the firearm, the federal firearms dealer believed that Mr. Booker was legally entitled to purchase a firearm and sold him a rifle, and that Mr. Booker relied upon the assumed legality of the sale in his later possession of firearms. Like Mr. Lemieux, however, Mr. Booker did not meet his obligation of truthfulness and completeness, did not receive advice from a government official,[3] and did not reasonably rely on any such advice; in view of the circumstances, prosecution would not be unfair.[4]

---

[2] Mr. Booker elsewhere asserted that his assault conviction does not meet the definition of a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9). *See Def.'s Mot. to Dismiss Indictment as Disc. Indicates a Failure of Proof as to an Essential Element of the Crimes Charged* (Docket # 11). The Court rejected this argument. *Order on Mot. to Dismiss Indictment* (Docket # 52). The entrapment by estoppel defense assumes the validity of the prior conviction, since if Mr. Booker did not have a predicate conviction, the Indictment would be facially defective for a reason other than the entrapment by estoppel defense. Further, if the prior conviction were not a misdemeanor crime of domestic assault, Mr. Booker would not have had to answer that it was on the ATF Form 4473. Finally, if the prior conviction were not a predicate and if the Government told Mr. Booker that he could purchase a firearm, the advice would have been correct. By contrast, if the misdemeanor conviction was, as the Court has determined, a predicate conviction, Mr. Booker's failure to mention the conviction constitutes a failure to present a material fact to the federally licensed firearms dealer. *Decl. of Travis E. Rogers* ¶ 6 ("To the best of my knowledge, Russell Booker did not seek any advice or assurance from me or my employer that he was legally permitted to possess a firearm.").

[3] Mr. Booker asserts that *United States v. Villafane-Jimenez*, 410 F.3d 74 (1st Cir. 2005) supports his claim that a federally licensed firearms dealer is a government official because a government official may have apparent, instead of actual, authority. However, in *Villafane-Jimenez*, the advice was provided by an informant posing as an FBI agent and installed by an FBI agent. The Defendants believed that the advice was provided by a bona fide federal employee, a belief enabled by a government "sting" operation. *Villafane-Jimenez*, 410 F.3d at 78. In that case, the informant was "given credentials, agency business cards, a marked vehicle, and a gun, all to create the impression that he was an FBI agent." *Id.* In Mr. Booker's case, he dealt with a private firearms dealer who was not posing as a government employee.

[4] Mr. Booker asserts that this is a factual determination for a jury. *Def.'s Resp.* at 9. However, the application of the law to the proffered facts leaves no further factual determinations which would result in proper application of the defense. This ruling, of course, assumes the proffered evidence is the same as the evidence at trial.

**III.    CONCLUSION**

The proffered evidence does not sustain the defense of entrapment by estoppel.  The Court <u>GRANTS</u> the Government's Motion *in Limine* to exclude the entrapment by estoppel defense (Docket # 13).  The Court <u>DENIES</u> the Defendant's motion to dismiss the indictment as to his proffered entrapment by estoppel defense (Docket # 11).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2008