UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-19-B-W |
| | ) | |
| RUSSELL E. BOOKER | ) | |

**ORDER ON THIRD MOTION TO DISMISS INDICTMENT**

On March 28, 2008, Russell E. Booker moved to dismiss the indictment asserting that the statute under which he has been indicted, 18 U.S.C. § 922(g)(9), violates the Second Amendment. *Mot. to Dismiss Indictment as the Statute Charged was Enacted in Violation of the United States Constitution* (Docket # 36) (*Def.'s Mot.*). The Government replied on April 18, 2008, and on the same day, moved to strike the Defendant's motion. *Resp. of the United States to Def.'s Third Mot. to Dismiss Indictment* (Docket # 41) (*Govt's Resp.*); *Mot. to Strike* (Docket # 39). The Court denies both motions.

Mr. Booker claims that "the Indictment charges a crime pursuant [to] a statute which was enacted in contravention of the protections encompassed in the Second Amendment to the United States Constitution." *Def.'s Mot.* at 1. He recognizes that every circuit, save one, "has held that the Second Amendment only secures a collective, rather than individual, right." *Id.* at 2-3 (citing *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001) as conferring an individual right). However, Mr. Booker points to the Supreme Court's recent granting *certiorari* and hearing of arguments concerning the Second Amendment. *Id.* at 4 (citing *District of Columbia v. Heller*, 128 S. Ct. 645 (2007)). In *Heller*, the question before the Supreme Court is whether two District of Columbia statutes "violate the Second Amendment rights of individuals who are not affiliated with any state-regulated militia, but who wish to keep handguns and other firearms for

private use in their homes?" *Heller*, 128 S. Ct. at 645.  Thus, Mr. Booker states, "in order to preserve whatever rights may soon be recognized, Mr. Booker submits the instant motion to dismiss." *Def.'s Mot.* at 5.

The Government responds by attacking the grounds underlying Mr. Booker's argument that an individual right is protected by the Second Amendment.  *Govt's Resp.* at 1-2.  The Government cites several cases, including *United States v. Miller*, 307 U.S. 174, 178 (1939), as evidence that "the Second Amendment only confers a collective right of keeping and bearing arms which must bear a reasonable relationship to the preservation or efficiency of a well regulated militia."  *Id.* at 3 (quoting *United States v. Johnson*, 497 F.3d 548, 550 (4th Cir. 1974)) (quotation marks omitted); *see also Gardner v. Vespia*, 252 F.3d 500, 503 (1st Cir. 2001); *United States v. Milheron*, 231 F. Supp. 2d 376, 378 (D. Me. 2002) ("In keeping with the majority trend, the First Circuit has held that the right to keep and bear arms is not generally conferred upon the people, but instead protects only the right to possess weapons with a reasonable relationship to the preservation or efficiency of a well regulated militia.") (citing *Cases v. United States,* 131 F.2d 916, 921-23 (1st Cir. 1942) and *Thomas v. Members of City Council,* 730 F.2d 41, 42 (1st Cir. 1984) (per curiam)).

This Court is bound by *stare decisis*, and unless alternative binding authority is presented, the Court owes allegiance to existing precedent.  *Eulitt v. Maine*, 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority.").  The "special justification" for a district court to depart from First Circuit authority is not present here.  *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984); *Gately v.*

*Massachusetts*, 2 F.3d 1221, 1226 (1st Cir. 1993).  Mr. Booker's position rests on his hope that Second Amendment jurisprudence will change, but not the necessary authority that it has.

Finally, the Government moves to strike Mr. Booker's motion because it was filed out of time, and "[t]he defendant has not asserted good cause for his failure to comply with the deadline set by the Court's order."  *Mot. to Strike* at 1.  On May 15, 2008, the Court granted Mr. Booker's motion to file a motion out of time; therefore, the motion to strike is moot.[1]  *Minute Entry* (Docket # 46).

The Court DENIES Mr. Booker's motion to dismiss (Docket # 36), and also DENIES the Government's motion to strike the motion to dismiss (Docket # 39)).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2008

---

[1] In his motion to file his Motion to Dismiss out of time, Mr. Booker cited the *Heller* oral arguments, which took place on March 18, 2008, as a "light . . . in the abyss" for asserting a Second Amendment individual right.  *Mot. to File Pretrial Mot. Out of Time* (Docket # 35).  The Government responds that Mr. Booker should not be permitted to rely on oral arguments as the catalyst for his motion, and that there is no reason to believe that the Supreme Court's *Heller* decision will change an analysis of § 922.  *Mot. to Strike* at 1-2.  Be that as it may, the Court has permitted Mr. Booker's filing out of time, and his argument is now preserved.